Reade J.
 

 The plaintiff was not a party to the written agreement by the express terms thereof; nor was either of the parties thereto his agent; nor was it for his sole benefit; some one of which things was necessary to enable him to sustain an action thereon. The agreement was between the defendants and Parker & Gatlin. The only relation rvhich the-plaintiff sustained to it was that, not by any stipulations with him, but by the stipulations of the defendants with Parker & Gatlin, the defendants were to pay to him in discharge of his debt against Parker & Gatlin, whatever amount should be realized from the sale of the goods. The undertaking of the defendants was, that they would do something, not for the plaintiff, but for Parker & Gatlin. And tor the breach of that undertaking, only Parker
 
 &
 
 Gatlin could sue.
 

 By the terms of* the written agreement, the defendants undertook, expressly, (1) to sell the goods, or so much thereof as they could; (2) to pay the proceeds to the plaintiff; and (3) to deliver back the remainder of unsold goods to Parker & Gatlin. And it may be that impliedly, they undertook (1) not to sell on a credit; (2) not to sell to insolvents; (3) or, if they sold on a credit, to use due diligence in collecting. And it may be, that they performed all these undertakings except the payment of money to the plaintiff, to the satisfaction of Parker & Gatlin, with whom they made the
 
 *568
 
 contract. At least, Parkeij& Gatlin do not complain; and they only can complain. And this we understand his Honor to have charged the jury.
 

 But the plaintiff’s claim
 
 for money had and received,
 
 stands upon a different footing. For it is well settled that if A consents to receive and does receive money for the use of B, A thereby becomes the agent of B, and B may recover it in an action
 
 for money had and received.
 

 In so far, therefore, as the defendants agreed to receive and did receive and actually had in hand, money for the plaintiff, to that extent and no farther, were they liable in this action.
 

 The plaintiff had a verdict for all the money which the defendants had received for him; and to this he was entitled. He also had a verdict for the amount of purchases by the individual members for which no money had been received; and to this he was not entitled. But the defendants did not appeal, and therefore the verdict must stand.
 

 There is no error.
 

 Per Curiam. There is no error.